IN THE CIRCUIT COURT
FOR FREDERICK COUNTY, MARYLAND

Thomas Whitman, on *his own behalf*
*and on behalf of all others similarly situated*,
4619 FELDSPAR RD
MIDDLETOWN, MD 21769-7430

       Plaintiff,

v.

CAPITAL ONE BANK

Serve on:
THE CORPORATION TRUST INC
300 E LOMBARD ST.
BALTIMORE, MD 21202

       Defendant.

Case No. C-09-1748

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Thomas Whitman ("Named Plaintiff" or "Plaintiff"), on his own behalf and on behalf of all others similarly situated, through their counsel, Janet Legg and Scott C. Borison of Legg Law Firm, LLC and Douglas B. Bowman file this Class Action Complaint and Demand for Jury Trial and for cause state:

2. The Named Plaintiff has filed this complaint against the Defendant Capital One Bank ("COB") for violations of statutory duties when COB has made

-1-

copies of credit applications and other documents, that contain the social security numbers, drivers license numbers or other extremely private information of the Plaintiff and the Class, publicly available. The knowing and willful disclosure of this private information violates numerous duties which COB owes to the Plaintiff and the Class.

3. COB's routine disclosure of social security numbers, driver's licenses numbers and other private information is illegal and constitutes a per se unfair and deceptive trade practice under Maryland law.

## PARTIES

4. Plaintiff Whitman is a resident of Maryland. His social security number and other private information was published by COB in publicly available records.

5. COB is a National Association and regularly conducts business in Frederick County, Maryland.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case under Md. Cts. & Jud. Pro. § 6-103(b), because COB transacts business and performs work and provides services in Maryland, regularly does and solicits business in Maryland, and engages in other persistent courses of conduct in Maryland.

7. Venue is proper in this Court under Md. Cts. & Jud. Pro. § 6-201, because COB carries on regular business in Frederick County, Maryland.

## FACTUAL ALLEGATIONS

8. On or about January 27, 2009, Defendant filed an action against the Plaintiff in the District Court of Maryland for Frederick County. The filing included Plaintiff's social security number, and other personal information.

9. Plaintiff avers that as a part of its routine business practices in Maryland, COB illegally, unfairly and deceptively includes private information (such as social security numbers) of the Named Plaintiff and the Class in public court filings.

## CLASS ACTION ALLEGATIONS

10. Named Plaintiff brings this action individually and on behalf of a Class that consists of.

> **all persons against whom COB filed a lawsuit in a Maryland Court seeking damages and as to whom COB:**
>
> **(a) included a copy of personal information including the social security number, drivers license or other private personal information.**

Excluded from the Class are (a) those individuals who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals and (b) not a resident of Maryland at the time the lawsuit was filed.

11. The Class, as defined above, is identifiable. The Named Plaintiff is

-3-

a member of the Class.

12. The Class consists, at a minimum, of several hundred persons who were sued in Maryland by COB. This Class is thus so numerous that joinder of all members is clearly impracticable.

13. There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members. The common and predominating questions include, but are not limited to:

(a) Whether COB included the social security numbers, drivers license numbers or other private information when it filed suit against the borrowers who were sued;

(b) Whether COB engaged in an unfair and deceptive trade practice by disclosing the social security numbers, drivers license numbers or other private information of the Class;

(c) Whether declaratory and injunctive relief is proper, to force COB to take corrective measures to redact this information from all lawsuits it is currently prosecuting Maryland, and to prevent COB from continuing to disclose the social security numbers, drivers license number or other private information of the Class and to compel COB'S compliance with Maryland law.

14. Claims of the Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Maryland Rule 2-

231(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of COB. The prosecution of separate actions by individuals members of the Class would create a risk of establishing incompatible standards of conduct for COB, within the meaning of Maryland Rule 2-231(b)(1)(A).

15. COB'S actions are generally applicable to the respective Class as a whole, and Plaintiff seeks equitable remedies with respect to the Class as a whole, within the meaning of Maryland Rule 2-231(b)(2).

16. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Rule 2-231(b)(3). The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiff's counsel are experienced in class actions, and foresee little difficulty in the management of this case as a class action. Named Plaintiff is adequate and will fairly represent the interests of the Class in accordance with their affirmative obligations and fiduciary duties.

**COUNT ONE**
**(MARYLAND CONSUMER PROTECTION ACT)**
**ON BEHALF OF THE CLASS**

17. Named Plaintiffs re-allege and incorporates by reference the allegations set forth above, and further alleges:

18. Maryland's Consumer Protection Act ("CPA"), Md. Comm. Law

Code Ann., § 13-101 *et seq.*, provides that a violation of Md. Code Ann. CL § 14-3400 et seq. constitutes an unfair and deceptive trade practice.

19. COB violated CL § 14-3402 when it publicly disclosed the social security numbers of the Class.

20. COB violated the CL § 14-3502 and 3503 when it failed to maintain and implement procedures to safeguard the drivers' license numbers, account numbers and other private information of the Named Plaintiffs and the Class. In fact, COB knowingly and willfully made the information publicly available when it filed it with the lawsuits.

21. The violation of CL §§ 14-3402, 14-3502 and 3503 constitute per se violations of the Maryland Consumer Protection Act.

22. As a result of COB's unfair and deceptive trade practices in violation of the CPA, Named Plaintiffs and members of the Class have been damaged and suffered injury or loss.

23. To protect themselves, Named Plaintiff and the Class will incur expenses in connection with the monitoring of their credit information.

### COUNT TWO
### (DECLARATORY AND INJUNCTIVE RELIEF)
### ON BEHALF OF THE CLASS

24. Named Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further allege:

25. This claim for declaratory relief is brought under the

Maryland Declaratory Judgment Act, Md. Cts. & Jud. Pro. § 3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legality of the Defendant's disclosure of the social security numbers, drivers license numbers or other private information of the Named Plaintiff and members of the Class.

26.  Named Plaintiff and members of the Class have had their private information divulged and placed on public records by COB, and therefore they have suffered an illegal invasion of privacy, are vulnerable to the identity theft and other injuries or losses.

27.  This dangerous and illegal practice of divulging highly confidential information will continue unless and until this Court declares and affirms that COB may not divulge the private information of the Named Plaintiff and members of the Class.

28.  This presents an actual, justiciable controversy between the parties relating to the disclosure of the Named Plaintiff and members of the Class and the application of Maryland law, CL § 14-3400 et seq. and 14-3500 et seq. because COB has divulged and continues to divulge the private information of the Named Plaintiff and members of the Class.

29.  Named Plaintiff and members of the Class have a right to stop COB from illegally divulging their private information.

30.  The benefits to Named Plaintiff and members of the Class in

obtaining an injunction outweigh any potential harm COB would incur as a result of an injunction, under the balance of the convenience test, as COB has no legal or contractual right to divulge the Named Plaintiff and the Class' private information and Named Plaintiff and members of the Class would greatly benefit from being relieved of COB'S divulging their private information.

31. Named Plaintiff and members of the Class will suffer Irreparable Injury unless the requested injunctions are granted, as COB will continue to divulge their private information.

32. The public interest is best served by granting the requested injunctions, as the public has a compelling interest in preventing COB from violating the statutory law of the State of Maryland when filing lawsuits, and a compelling interest in seeing the laws of the State of Maryland obeyed.

33. Named Plaintiff and members of the Class are likely to succeed on the merits of this action, as Maryland law prohibits the disclosures being made by COB.

WHEREFORE, Plaintiff prays that the Court grant the following relief to the Named Plaintiff and the Class:

A. The Court enter a declaratory judgment establishing that COB'S disclosure of the private information of Named Plaintiff and members of the Class is illegal;

B. The Court enter an order granting Named Plaintiff and members of

the Class a preliminary and permanent injunction prohibiting COB from divulging the private information of the Named Plaintiff and members of the Class;

C. The Court enter judgment in favor of Named Plaintiff and the Class against COB for the injury or loss sustained and for such compensatory damages as the evidence shall warrant including the costs of monitoring that will be incurred by the Named Plaintiff and members of the Class as a result of the Defendant's disclosure of their private information in public records;

D. The Court enter an award of pre-judgment and post-judgment interest on all sums award to Named Plaintiff and members of the Class;

E. The Court award to Named Plaintiff and members of the Class reasonable counsel fees and the costs of these proceedings; and,

F. The Court order such other and further relief as the nature of this case may require.

G. In order to comply with recent Maryland case law, taking into consideration compensatory damages for injuries or losses (including for the danger of identity theft and prevention thereof for the Named Plaintiff and the members of the Class, the *ad damnum* clause at this time, subject to later modification upon further

discovery as to the size of the class, is $50,000,000 (Fifty Million Dollars).

Respectfully submitted,

By: /s/ 
Scott C. Borison,
Bar No. 22576
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick MD 21703
T: (301) 620-1016
F: (301) 620-1018
E: borison@legglaw.com

Douglas B. Bowman
PO Box 503
Middletown MD 21769
(240) 566-6050

Attorneys for Named Plaintiffs and the Class.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury.

/s/
Scott C. Borison