```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


THOMAS WHITMAN                    *
                                  *
v.                                *
                                  *    Civil Action No. WMN-09-1737
CAPITAL ONE BANK (USA), N.A.      *
                                  *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Plaintiff initially filed this action in the Circuit Court for Frederick County, Maryland.  Plaintiff alleged that, when "Capital One Bank" filed a collection action against him in the District Court for Frederick County, it disclosed private information about him, including his social security number.  Plaintiff contends that these disclosures were violative of the Maryland Consumer Protection Act.  He brought this action as a class action, on behalf of himself and all others against whom Capital One Bank has brought suit in Maryland and, in doing so, disclosed similar private information.

Defendant Capital One Bank (USA), N.A. removed the action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453.  Defendant then filed a motion to compel individual arbitration or, alternatively, to stay the action.  Paper No. 10.  That motion is now fully briefed.  Upon a review of the motion and the applicable case law the Court

determines that no hearing is necessary (Local Rule 105.6) and that the motion must be granted.

Defendant's argument that Plaintiff's claim is subject to mandatory arbitration is as follows.  Plaintiff applied for a business credit card on behalf of his company "All-Ways Renovation, Inc." (All-Ways) on or about January 25, 2002.  In signing the application, Plaintiff indicated that he had "read the Important Disclosures and Terms of Offer on the back of the letter, and . . . agree[d] on behalf of [All-Ways and himself] that the Company and [he] would be bound as specified therein."  Defendant submitted with its motion a copy of an application signed by Plaintiff.  Second Napolitano Decl., Ex. A-1.

Among the "Terms of Offer" appearing on the back of the solicitation letter was the following:

> The Authorizing Signatory and the Company through the Authorizing Signatory, hereby (i) apply to Capital One Bank or Capital One, F.S.B. (Capital One) and request that Capital One establish a Capital One Visa Business Card account and issue a credit card on the account to the Authorizing Signatory whose signature appears on this Request Form and to all Authorized Users for whom additional cards are requested; (ii) <u>agree to be bound by the terms and conditions of the Customer Agreement and Addendum, and future revisions thereof that will be sent to them after the account is opened, including the provision therein that the Customer Agreement and the account will be governed by Virginia and federal law</u> . . .

Id., Ex. A-2 (emphasis added).  After approving the application, Defendant mailed to Plaintiff the credit card along with its

2

Customer Agreement.  On the back of Defendant's business credit cards is printed the following:  "By accepting, signing or using this card, you agree to Capital One's present and future rules and regulations."  <u>Id.</u>, Ex. A-5.  Plaintiff used the card to make purchases between March 2002 and August 2007.

The 2001 Customer Agreement that was in force at the time Plaintiff applied for and began using the card contained the following provision:

> **ARBITRATION**
>
> You and we agree that either you or we may, at either party's sole election, require that any Claim (as defined below) be resolved by binding arbitration.
>
> **IF YOU OR WE ELECT ARBITRATION OF A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO PURSUE THAT CLAIM IN COURT OR BEFORE A JUDGE OR JURY OR TO PARTICIPATE IN A CLASS ACTION OR ANY OTHER COLLECTIVE OR REPRESENTATIVE PROCEEDING.**

<u>Id.</u>, Ex. A-3.  The term "claim" in the arbitration clause was defined very broadly as including "any claim, controversy, or dispute of any kind or nature between you and us.  This definition includes, without limitation, any Claim that in any way arises from or relates to . . . any billing or collection matters related to your account . . . our receipt, use, or disclosure of any information about you or your account [and] any other matters relating to your account or your relationship with us."  <u>Id.</u>

As was its right under the agreement, Defendant amended the Customer Agreement on or about March 15, 2005, and mailed a copy of the new 2005 Customer Agreement to all of its customers.  The 2005 Customer Agreement contained an identical Arbitration provision as the 2001 Customer Agreement.

In considering a motion to compel arbitration, a court must make two determinations: "(1) whether the parties have entered into a valid arbitration agreement, and (2) whether the dispute falls within the substantive scope of the arbitration agreement."  <u>Lombard Securities Inc. v. Thomas F. White & Co., Inc.</u>, 903 F. Supp. 895, 897 (D. Md. 1995).  In opposing the motion to compel arbitration, Plaintiff makes only one primary argument, i.e., that he never entered into an agreement to arbitrate.[1]  He supports this argument with an affidavit in which he states that "at no time did [he] agree to any arbitration provisions with the Defendant," that he never received the Customer Agreement," and, "[i]f [he] had been asked to give up

---

[1] In making this argument, Plaintiff challenges various aspects of the evidence submitted by Defendant as proof of the agreement.  Defendant addresses each of these challenges in an attachment to its response to Plaintiff's Surreply.  See Paper No. 23-2.  For example, noting that Defendant asserts that the account that was once owned by "Capital One Bank" is now owned by "Capital One Bank (USA), N.A.," Plaintiff questioned why there was no "proof of assignment" submitted by Defendant.  In response, Defendant explains that on March 1, 2008, Capital One Bank was converted from a state chartered institution to a national association, Capital One Bank (USA), N.A.  The Court finds that Defendant has more than adequately addressed the alleged deficiencies about which Plaintiff complains.

[his] right to go to court, [he] would not have agreed to do so."  Pl.'s Aff. ¶¶ 2-4.

Notwithstanding Plaintiff's protestations, the Court finds that there was a valid agreement to arbitrate.  It is undisputed that Plaintiff signed an application for the credit card and by signing, indicated that he had read and agreed to the Terms of Offer.  The Terms of Offer included an agreement on the cardholder's part to be bound by the Customer Agreement.  The Customer Agreement contained a broad arbitration provision and it is undisputed that Plaintiff used the credit card for an extended period of time.

Courts have consistently held that "[t]he use of [credit]cards amounts to acceptance of the terms of the cardholder agreements."  Fahey v. U.S. Bank National Assoc., Civ. No. 05-1453, 2006 WL 2850529 at *2  (E.D. Mo. Sep. 26, 2006); see also Heiges v. JP Morgan Chase Bank, N.A., 521 F. Supp. 2d 641, 647 (N.D. Ohio 2007) (noting that "issuance and use of a credit card creates a legally binding agreement" and "[b]y simply using the card, [cardholder] agreed to be bound by the Agreement and all its terms"); Gaynoe v. First Union Direct Bank, N.A., 2001 WL 34000142 at *6 (N.C. Super. 2001) (cardholder's use of credit card issued by bank constituted acceptance of the contract terms).  Furthermore, courts have consistently rejected arguments made by cardholders seeking to

avoid arbitration based upon a claim that he or she never received the cardholder agreement, despite the credit card company's representation that the agreement was mailed with the card.  See, e.g. Reeves v. Chase Bank USA, NA, Civ. No. 07-1101, 2008 WL 2783231 at *11 (E.D. Mo. July 15, 2008).  Courts' rejection of this argument flows at least in part from the presumption that "a properly mailed document is received by the addressee."  Davis v. U.S. Bankcorp, 383 F.3d 761, 766 (8th Cir. 2004); see also Krutchick v. Chase Bank USA, N.A., 531 F. Supp. 2d 1359, 1365 (S.D. Fla. 2008) (holding that credit card account holder's unequivocal denial that he received cardmember agreement failed to rebut presumption that he received properly mailed agreement, absent some evidence to substantiate his denial).

    For these reasons, the Court concludes that the arbitration provision in Defendant's cardmember agreement is binding on Plaintiff and that the claim brought forward in this action falls within the scope of that arbitration provision.  Accordingly, the parties will be ordered to submit Plaintiff's claim to arbitration and this action will be stayed.  A separate order will issue.

                                                _____/s/_____
                                                William M. Nickerson
                                                Senior United States District Judge

Dated: November 19, 2009